**IN THE UNITED STATES DISTRICT COURT FOR THE**
**WESTERN DISTRICT OF MISSOURI**
**SOUTHERN DIVISION**

| | | |
|---|---|---|
| ALAN WEAVER, | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| vs. | ) | Case No. 6:25-cv-03032-MDH |
| | ) | |
| DONALD TRUMP, et al., | ) | |
| | ) | |
| **Defendants.** | ) | |

## <u>ORDER</u>

Before the Court is Plaintiff's Application for Leave to File Action without Payment of Fees with Affidavit of Financial Status in Support. (Doc. 1).

"Under 28 U.S.C. § 1915, the decision whether to grant or deny *in forma pauperis* status is within the sound discretion of the trial court." *Cross v. Gen. Motors Corp.*, 721 F.2d 1152, 1157 (8th Cir. 1983). The Court may authorize the commencement of a suit without prepayment of fees if the Plaintiff can show they are unable to pay the costs of the lawsuit. "An applicant is not capable of paying the initial filing fee if doing so will cause him or her to give up the basic necessities of life." L.R. 83.7(c).

Plaintiff filings indicate that he may not be capable of paying the initial filing fee. However, the Court is also required to conduct a review of Plaintiff's complaint to be filed *in forma pauperis*. See 28 U.S.C. § 1915(e)(2) ("Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that ….. (B) the action or appeal (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief.").

A plaintiff must plead facts that show more than a mere speculation or possibility that the defendant acted unlawfully. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). While the Court accepts the complaint's factual allegations as true, it is not required to accept the plaintiff's legal conclusions. *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id*. The court's assessment of whether the complaint states a plausible claim for relief is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id*. at 679.

With regard to a *pro se* complaint the Court must liberally construe the allegations and "*pro se* litigants are held to a lesser pleading standard than other parties." *Whitson v. Stone County Jail*, 602 F.3d 920, 922 n. 1 (8th Cir. 2010) (citation omitted). However, a Plaintiff must allege sufficient facts to support his claims. *Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004); citing, *Dunn v. White*, 880 F.2d 1188, 1197 (10th Cir. 1989) (regarding a pro se plaintiff, "we will not supply additional facts, nor will we construct a legal theory for plaintiff that assumes facts that have not been pleaded."); and *Cunningham v. Ray*, 648 F.2d 1185, 1186 (8th Cir. 1981) ("pro se litigants must set [a claim] forth in a manner which, taking the pleaded facts as true, states a claim as a matter of law."); see also, *Johnson v. Nixon*, 367 F. App'x 715 (8th Cir. 2010); citing, *Frey v. City of Herculaneum*, 44 F.3d 667, 672 (8th Cir. 1995) (complaint fell short of meeting even liberal standard for notice pleading where it was entirely conclusory and gave no idea what acts individual defendants were accused of that could result in liability).

Here, construing Plaintiff's *pro se* Complaint liberally, Plaintiff fails to state a cause of action. Plaintiff identifies the defendants in his filing as President Donald Trump, Vice President J.D. Vance and submits a 4 page list of additional defendants, many of whom are or were elected

2

officials. (See Doc. 1, pp. 7-10). Plaintiff alleges "Donald Trump engaged in an insurrection" and that "defendants have given aid and comfort to the insurrectionists…" Plaintiff further alleges President Trump has recently pardoned those who pled guilty or were found guilty of insurrection. Plaintiff states the 14th Amendment forbids defendants from holding their respective offices and that Plaintiff "demands that the defendants be declared illegitimate holders of their respective offices and be removed therefrom." Plaintiff prayer for relief states "I demand that defendants be removed from their respective offices immediately." This is the entirety of Plaintiff's "complaint."

Wherefore, after a review of the record before the Court, and construing Plaintiff's filings in a light most favorably to him, the Court finds that Plaintiff has failed to establish a basis for the Court to grant IFP in this matter. Plaintiff has failed to state a federal cause of action or any claim for relief that he could be entitled to.[1] Plaintiff's motion for IFP is hereby **DENIED** without prejudice.

**IT IS SO ORDERED.**

Date: March 11, 2025

         */s/ Douglas Harpool*
**DOUGLAS HARPOOL**
**UNITED STATES DISTRICT JUDGE**

---

[1] See *Trump v. Anderson*, 601 U.S. 100, 117, 144 S. Ct. 662, 671, 218 L. Ed. 2d 1 (2024).